UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OFFSHORE SPECIALTY FABRICATORS, LLC, et al.,**  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No.   11-248** |
| **DUMAS INTERNATIONAL, INC.,**  Defendant | **SECTION "E"** |

### ORDER AND REASONS

After a four-day bench trial and extensive post-trial briefing, the Court issued an opinion finding against Plaintiffs Offshore Speciality Fabricators, LLC and Offshore Express, LLC (together, "OSF") on their claim against Defendant Dumas International, Inc. ("Dumas") for negligent work on one of OSF's vessels, and for Dumas on Dumas's counterclaim against OSF for unpaid invoices.[1] OSF now moves pursuant to Rule 59 for a new trial or to alter or amend the judgment.[2] The Court has reviewed Dumas's opposition,[3] the record, and the applicable law, and denies the motion.

Pursuant to Rule 59, the Court may order a new nonjury trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B).  "A motion for a new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." 11 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2804 (3d ed. 2013); *accord Theriot v. Parish of Jefferson*, 966 F. Supp.

---

[1]     R. Doc. 91.

[2]     R. Doc. 93.

[3]     R. Doc. 99.

1

1435, 1452 (E.D. La. 1997).

OSF disputes the Court's factual findings with respect to (1) whether grounding was an equally plausible cause of the engine damage, (2) whether the evidence was sufficient to prove that body-bound bolts were not used, and (3) whether Dumas should have recovered on either of its disputed invoices. But these contentions were fully aired in the post-trial briefing and decided by the Court. OSF may disagree but it has not articulated any manifest error of fact warranting any post-trial relief.

**A.    Grounding**

First, OSF challenges the Court's observation that the grounding of the M/V OFFSHORE KING was an "equally plausible legal cause for any misalignment."[4] This argument fails for several reasons. First, it relies on testimony which the Court expressly did not credit.[5] Second, the Court concluded that grounding was "equally plausible" because of the paucity of OSF's evidence that anything Dumas did caused the damage, not because of the strength of the evidence in favor of grounding. OSF had the burden to prove that Dumas's negligence caused the damage, but at trial there was "insufficient information to determine what caused the engine to fail."[6] Grounding was not an affirmative defense, as OSF contends, and Dumas did not have any burden of proof with respect to that theory.[7] OSF articulates no manifest error in the Court's conclusion that OSF failed to prove causation.

---

[4]     R. Doc. 91 at 11.

[5]     *Id.* at 12.

[6]     *Id.* at 4, 12.

[7]     R. Doc. 93-1 at 16.

**B.     Body-Bound Bolts**

OSF also continues to insist that it is entitled to a new trial because Dumas's employee Weekly partially cut holes to mount the engine, rather than using completely drilled holes. OSF presents this as evidence that Weekly did not install body-bound bolts on the engine and that this caused the failure.[8] This too fails to warrant any post-trial relief. First, OSF simply ignores substantial contradictory record evidence that body-bound bolts may be used in a hole partially cut with a torch rather than a drill, or that Chockfast is a satisfactory alternative.[9] But more importantly, the argument misses the point. Even if Weekly partially cut the holes with a torch and negligently failed to use body-bound bolts, OSF still failed to show how that negligence caused the engine failure.[10] This Rule 59 motion selectively rehashes the evidence regarding the bolt holes, but cites no evidence of causation overlooked by the Court. There was "simply insufficient information to determine what caused the engine to fail in February 2010," and OSF identifies no manifest error of fact in that conclusion.

**C.     Dumas' Counter Claim**

Finally, OSF challenges the Court's award in favor of Dumas on two unpaid invoices. With respect to the $7,732.50 invoice, the credible testimony at trial established that the work underlying that invoice was done at OSF's request.[11] The record does not support

---

[8]     R. Doc. 93-1 at 21-23.

[9]     *See* R. Doc. 99 at 6-10.

[10]    R. Doc. 91 at 10.

[11]    R. Doc. 84-7 at 24-25.

OSF's contention that Dumas billed the $7,732.50 for work done only "to protect itself."[12]

With respect to the $22,911.69 awarded for work billed in the second invoice, OSF again urges that the March 2010 alignment "had to be redone."[13] For the same reasons set forth in the Court's opinion, "the evidence at trial ... establishes that, in addition to other tasks, Dumas competently re-aligned the starboard main engine,"[14] as confirmed by OSF's acceptance of that realignment.[15] Thus, OSF has failed to show any manifest error of law or fact and Dumas is entitled to recover on the invoices, as reduced and explained in the Court's opinion.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that OSF's motion is **DENIED**.

**New Orleans, Louisiana, this 15th day of April, 2014.**

*/s/ Susie Morgan*

**SUSIE MORGAN**

**UNITED STATES DISTRICT JUDGE**

---

[12] R. Doc. 93-1 at 12.

[13] *Id.* at 13.

[14] R. Doc. 91 at 14.

[15] R. Doc. 84-1 at 63.